IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. GORITY, )<br>)<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>NORFOLK SOUTHERN RAILWAY )<br>COMPANY, )<br>)<br>)<br>)<br>    Defendant. ) | CIVIL ACTION NO. 3:10-cv-87<br>JUDGE KIM R. GIBSON |

## MEMORANDUM AND ORDER OF COURT

**GIBSON, J.**

### I. SYNOPSIS

This matter comes before the Court on Defendant Norfolk Southern Railway Company's Rule 12 Motions (Doc. No. 6 – "Motions"), pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(e) and 12(f). Plaintiff has filed an Opposition and Response to Defendant's Rule 12 Motions (Doc. No. 10 – "Opposition"). For the reasons that follow, Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**; Defendant's Motion to Strike is **DENIED**; and Defendant's Motion for a More Definite Statement is **GRANTED IN PART** and **DENIED IN PART**.

### II. BACKGROUND

Plaintiff, a long-time railroad employee of Defendant, has brought claims under the Federal Employers Liability Act ("FELA"), 45 U.S.C. §§ 51–60, for lower back injuries sustained during his period of employment and allegedly caused by Defendant's failure to

provide him with a safe workplace. He asserts that Defendant was negligent in a variety of ways, which led to his exposure to "harmful repetitive motion, cumulative trauma, awkward work postures, vibration, temperature extremes, and other harmful conditions resulting from the railroad's equipment, work policies and procedures." Complaint (Doc No. 1) at 4. Consequently, Plaintiff seeks "compensation for all injuries and damages recoverable under the FELA, whether or not specifically alleged." *Id.* These damages include "lost wages, medical bills and general damages for pain, suffering, inconvenience, disfigurement and mental anguish." *Id.*

Plaintiff first brought suit on these claims on August 24, 2007 in the Circuit Court for the City of Roanoke, Virginia. Defendant objected to venue in that court and agreed to discontinue the proceedings without prejudice provided they were reinstituted in a Pennsylvania court with proper jurisdiction and venue. The parties further agreed to preserve all defenses as they existed on August 24, 2007.[1] *Id.* at 5-6. On March 25, 2010, Plaintiff filed the instant suit in this court. In response, Defendant filed its Motions, along with a Memorandum of Law (Doc No. 7 - "Memorandum") in support of the Motions on May 4, 2010, asking this court to dismiss the Complaint for failure to state a claim, or alternatively, to strike portions of the Complaint and/or order Plaintiff to provide a more definite statement of his pleading. On May 26, 2010, Plaintiff filed his Opposition.

### III. JURISDICTION AND VENUE

The Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 45 U.S.C. § 56 and 28 U.S.C. § 1331. Venue is proper pursuant to 45 U.S.C. § 56 because the Defendant operates its railroad in this district and Plaintiff's injuries were allegedly sustained here.

---

[1] Because of the venue-related discontinuance, the three-year statute of limitations under FELA was tolled on August 24, 2007. See *Burnett v. New York Central R. Co.*, 380 U.S. 424 (1965). That issue is not in dispute in the current proceeding.

## IV. STANDARD OF REVIEW

A.   **Fed. R. Civ. P. 12(b)(6)**

Defendant brought its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Rule 12(b)(6) must be balanced with the requirements of Rule 8, which governs general pleading matters, and provides that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8.

While the recent decisions of the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), represent a significant change in federal pleading standards, the United States Court of Appeals for the Third Circuit has provided clear guidance to the district courts. To wit:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." 129 S. Ct. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234-35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). In short, a district court reviewing a motion to dismiss for failure to state a claim must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Id.* at 210 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). However, "legal

3

conclusions" and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice" as bona fide factual material. *Iqbal* 129 S. Ct. at 1949.

**B.    Fed. R. Civ. P. 12(e)**

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement of a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Like Rule 12(b)(6), Rule 12(e) must be read in conjunction with Rule 8, which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8. Even after the Supreme Court's ruling in *Iqbal*, courts have held that "[t]he class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small – the pleading must be sufficiently unintelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed." *Lapcevic v. Strive Enterprises, Inc.*, 2010 U.S. Dist. LEXIS 42975, at *20 (W.D.Pa.2010) (quoting *Sun Co. v. Badger Design & Constructors*, 939 F.Supp. 365, 368 (E.D.Pa.1996). Granting a Rule 12(e) motion is appropriate only when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself." *Sun Co.*, 939 F.Supp. at 368.

**C.    Fed. R. Civ. P. 12(f)**

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P.12(f). Under Rule 12(f), the standard for striking portions of a plaintiff's complaint "'is strict and ... only allegations that are so unrelated to the plaintiffs' claims as to be unworthy of any consideration should be stricken.'" *Johnson v. Anhorn,* 334 F.Supp.2d 802, 809 (E.D. Pa. 2004) (quoting *Becker v. Chicago Title Ins. Co.*, No. Civ. A. 03-2292, 2004 U.S. Dist.

LEXIS 1988, at *18 (E.D. Pa. Feb.4, 2004)). Moreover, striking portions of a plaintiff's pleadings is a "drastic remedy", which should be used only when justice requires it. *Johnson*, 334 F.Supp.2d at 809 (quoting *United States v. Am. Elec. Power Serv. Corp.*, 218 F.Supp.2d 931 (S.D. Ohio 2002)) (quotations omitted); *see also DeLa Cruz v. Piccari Press*, 521 F.Supp.2d 424, 428 (E.D. Pa. 2007) (providing that while "motions to strike may save time and resources by making it unnecessary to litigate claims that will not affect the outcome of the case, motions to strike generally are disfavored."). Motions to strike are decided on the pleadings alone. *Id.* at 429 (citing *North Perm Transfer, Inc. v. Victaulic Co. of Am.*, 859 F.Supp. 154, 159 (E.D. Pa. 1994)).

## V. DISCUSSION

### A. Rule 12(b)(6) Motion to Dismiss

Defendant bases its Rule 12(b)(6) Motion to Dismiss on three theories. First, Defendant asserts that Plaintiff has failed to state a claim upon which relief can be provided because he failed to properly plead the statute of limitations in his complaint. Second, Defendant argues that portions of the Complaint must be dismissed because they attempt to impose non-cognizable legal duties under the FELA. Third, Defendant seeks to dismiss those portions of the Complaint which attempt to impose FELA liability for the time period prior to Plaintiff's employment with Defendant. The Court addresses each of these arguments in turn.

#### 1. Statute of Limitations

Defendant first asserts that Plaintiff has failed to state a claim upon which relief may be provided because he has not properly pled the statute of limitations. Defendant bases this theory on an assumption that Plaintiff must allege *and* prove compliance with the statute of limitations in the initial complaint. Memorandum at 4. The statute of limitations for a FELA claim is three

years. See 45 U.S.C. § 56 ("No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued."). For injuries which do not manifest themselves immediately, a claim accrues when plaintiff is aware both that he is injured and that defendant's conduct caused his injury. *Matter of Central R. Co. of New Jersey*, 950 F.2d 887, 891 (3d Cir.1991), *cert denied*, 503 U.S. 971 (1992) (citing *Kichline v. Conrail*, 800 F.2d 356, 358 (3d Cir.1986)). As this court has noted, injuries caused by repetitive motion accrue when the injury first manifested itself. *Veloz v. Norfolk Southern Ry. Co.*, No. 3:06-cv-258, 2007 WL 1875818, at *1 (W.D. Pa. June 27, 2007). Because Plaintiff's career started in 1974 and he does not clearly identify in his complaint the exact date symptoms of his injuries became apparent, Defendant postulates the likelihood that his symptoms began over three years before the original filing of the complaint in 2007 in Virginia, and thus outside of the FELA statute of limitations. Consequently, Defendant argues, Plaintiff has not met his FELA pleading burden.

Defendant mischaracterizes the pleading burden that faces the Plaintiff at this stage of litigation. Under the Federal Rules of Civil Procedure, statute of limitations defenses are typically brought as an affirmative defense in an initial response to a complaint, and not as a basis for a Rule 12(b)(6) motion to dismiss. FED. R. CIV. P. 8(c). To be sure, the Third Circuit has carved out an exception to this practice, whereby a court may consider a statute of limitations defense brought in a Rule 12(b)(6) motion to dismiss. However, this exception is limited to cases where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir.2002) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir.1975). Because a court must accept a plaintiff's factual assertions as true for purposes of a Rule 12(b)(6)

6

motion, if there is *any* factual dispute as to the timing of the claim, courts will not grant the motion on statute of limitations grounds. In other words, a Rule 12(b)(6) statute of limitations bar must be apparent on the face of the complaint. *Robinson*, 313 F.3d at 135.

Defendant fails to meet this bar. Under the FELA statute of limitations, if Plaintiff first manifested symptoms no earlier than August 24, 2004 – three years before this action was originally filed in Virginia – then the statute of limitations has been satisfied. But as noted, at no point in the Complaint does Plaintiff suggest when he began experiencing symptoms of his injury, other than to affirm that the original complaint was filed "within FELA's three-year statute of limitations." Complaint at 5. Therefore, it is not clear on the face of the Complaint that the statute of limitations period has run. Defendant's assertion that the injury likely first manifested at some point prior to August 24, 2004 is insufficient to demonstrate a deficiency in Plaintiff's Complaint. Indeed, it accomplishes the exact opposite effect – it demonstrates that there is a factual dispute regarding the timing of the claim, thus placing this Rule 12(b)(6) motion firmly outside the grounds of the Third Circuit exception. Accordingly, this defense is more properly raised in a response and litigated at a future date. See *Martin v. Ford Motor Co.*, 765 F.Supp.2d 673, 686-7 (E.D. Pa. 2011) (finding that when it is not clear from the face of a complaint that the statute of limitations has run, the "general rule" is that a Rule 12(b)(6) motion is not the proper method to raise a statute of limitations defense, which "may be raised in an Answer and litigated at a future date") (citing *Robinson*, 313 F.3d at 135). The Court therefore denies Defendant's Rule 12(b)(6) motion asserting that the Plaintiff's claim is time-barred.

### 2. Legal Duties under FELA

Defendant next argues that portions of Plaintiff's complaint should be dismissed because they attempt to impose non-cognizable legal duties under FELA. There is no question that

railroad companies are liable under the FELA for failure to provide a reasonably safe workplace. See *Gottshall v. Consolidated Rail Corp.*, 988 F.2d 355, 380-1 (3d Cir.1993)("[w]hen an employer breaches a duty of care to provide a safe workplace, it is liable under FELA if an employee suffers an injury, physical or emotional, causally related to its negligence"). Defendant does not deny this general principle, but instead asserts that Plaintiff overestimates its scope. Specifically, Defendant objects to paragraph 21(I) of the Complaint, which alleges that Defendant was negligent by "[f]ailing to monitor the medical condition of employees" and paragraph 21(J), which accuses Defendant of "[f]ailing to educate [Plaintiff] about dangers and risk factors associated with the development of repetitive motion injuries or aggravation of pre-existing conditions." Defendant further objects to paragraph 3, which asserts Defendant's "failure to adopt sound ergonomic policies."

Regarding paragraph 21(I) of the Complaint, Defendant contends that there is no duty on behalf of railroads under FELA to monitor the medical condition of employees. Several Circuits have held that the FELA furnishes no affirmative duty for employers to examine employees and/or monitor their medical treatment. See *Fulk v. Illinois Cent R. Co.*, 22 F.3d 120, 124 (7th Cir.1994); *Moody v. Boston and Maine Corp.*, 921 F.2d 1, 3 (1st Cir.1990); *Fletcher v. Union Pac. Ry. Co.*, 621 F.2d 902, 909 (8th Cir.1980), *cert. denied*, 449 U.S. 1110 (1981). Plaintiff attempts to distinguish these cases by noting that they involved "medical conditions that were nonwork related." Opposition at 8. However, in stating the general principle that there is no duty to monitor medical conditions under the FELA, none of the aforementioned rulings furnish a distinction between work-related and nonwork-related conditions. Of course, as both Defendant and Plaintiff rightfully note in their respective Memorandum and Opposition, if a railroad undertakes medical examinations *of its own accord*, it can be held liable for negligence

in such undertaking. *Moody*, 921 F.2d at 3; see also *Welby v. Consolidated Rail Corp.*, 671 F.Supp. 1015, 1020 (M.D. Pa. 1987) (under FELA, "once an employer undertakes to give physical examinations, it is liable if it performs such undertaking negligently"). To this end, Plaintiff avers in his Opposition that the factual record in this case will show that Norfolk Southern provides medical examinations and establishes fitness standards – which would effectively bring paragraph 21(I) of the Complaint within the ambit of FELA liability. Opposition at 7. However, that theory is not the one Plaintiff originally pled in his Complaint, which relied instead on the railroad's simple failure to monitor the medical condition of employees. Accordingly, even after this court accepts Plaintiff's facts as true, there is no FELA claim for relief, absent some additional pleading of facts as to Defendant's undertaking of such duties. The claim raised in paragraph 21(I) is therefore dismissed, with leave for Plaintiff to amend.

Regarding paragraphs 3 and 21(J) of the Complaint, Defendant cites two cases to support its theory that "[a] failure to educate an employee about musculoskeletal conditions or to develop an ergonomic program" does not breach its duties under the FELA to provide a reasonably safe place to work. Memorandum at 10. However, neither of these cases support the sweeping position asserted by Defendant. In *Williams v. Burlington Northern and Sante Fe Ry. Co.*, 13 F.Supp.2d 1125 (D. Kan. 1998), a summary judgment opinion, the court found there was no breach of duty by a railway for failure to educate about the dangers of carpal tunnel syndrome. However, the court based its opinion on the plaintiff's failure to present evidence about the defendant's knowledge of carpal tunnel risk to employees, and never asserted the general proposition that the FELA contains no duty to educate about workplace dangers. *Id.* at 1129-1131. Similarly, Defendant's other cited case, *Dent v. Consolidated Rail Corp.*, 187 F.3d 635,

No. 98-3614, 1999 WL 551402 (6th Cir. July 20, 1999) (finding no FELA duty to train engineer to avoid anxiety and panic in the face of an impending train accident) is easily limited to its unique circumstances and has no application here. Further, other courts have held that FELA claims similar to Plaintiff's are sufficient to survive a Rule 12(b)(6) motion. See *Maloney v. CSX Transp., Inc.*, No. 1:09-cv-1074, 2010 WL 681332 (N.D.N.Y. Feb. 24, 2010) (denying motion to dismiss complaint plaintiff's complaint, which alleged that defendant breached its duty to provide a reasonably safe workplace by failing to provide safe equipment, adequate training, and appropriate safeguards, procedures, warnings, and oversight). And given this Circuit's recognition that FELA remedies are designed to "meet the changing conditions and changing concepts of industry's duty toward its workers," *Gottshall v. Consolidated Rail Corp.*, 988 F.2d 355, 367 (3d Cir. 1993) (quoting *Coray v. Southern Pacific Co.*, 335 U.S. 520, 524 (1949)), there is little reason, absent authority to the contrary, to dismiss a FELA claim based upon failure to educate employees or establish an ergonomic program. Accordingly, Defendant's Rule 12(b)(6) motion is denied to the extent that it references paragraphs 3 and 21(J) of the Complaint.

### 3. FELA Liability for Plaintiff's Prior Employment

Defendant's final Rule 12(b)(6) argument is that portions of Plaintiff's complaint must be dismissed because they attempt to impose liability under the FELA for a time period during which he was not employed by Defendant. Memorandum at 10-11. According to Defendant, because Plaintiff's Complaint indicates that his railroad career began in 1974 (prior to when Norfolk Southern became his employer in 1999) and that his injuries occurred over a long time, this necessarily implies that he is "seeking to impose liability under the FELA for exposures that occurred during a period of time which is unrelated to his employment with Norfolk Southern." *Id.* at 11. However, a review of the Complaint provides no basis for Defendant's argument.

Paragraph 16 of the Complaint clearly alleges that Plaintiff was exposed to a variety of harmful conditions "[w]hile employed in interstate commerce by Norfolk Southern." Complaint at 4. At no point does the Complaint allege that Plaintiff's injuries resulted from his employment with Defendant's predecessors. Therefore, to the extent that Defendant's Rule 12(b)(6) motion relies on such an understanding of Plaintiff's Complaint, it is denied.

## B.   Rule 12(f) Motion to Strike

Defendant next asks this Court to strike paragraphs 9, 10 and 11 of Plaintiff's Complaint under Rule 12(f). Memorandum at 12. The paragraphs in question contain information about FELA's historical background, its purpose in light of a lack of state court remedies, and Plaintiff's view of railroad companies' statutory duties. However, Defendant argues that these paragraphs are "immaterial and impertinent" because "they have no essential or important relationship to the claim for relief or any of the anticipated defenses in the case" and because "they consist of statements that do not pertain, and are not necessary, to the issues in this case." *Id.* Defendant also raises the possibility of prejudice should this portion of the complaint be read to a jury.

The Court finds none of these arguments compelling. As already noted, plaintiffs carry a very high burden in demonstrating the need to strike portions of a pleading – i.e., that the allegations contained therein are so unrelated to the plaintiffs' claims as to be unworthy of any consideration. *Johnson v. Anhorn,* 334 F.Supp.2d 802, 809 (E.D. Pa. 2004). Defendant does very little to satisfy this burden, other than argue that the paragraphs are immaterial and impertinent, and justify this assertion by repeating the generally accepted test for immateriality or impertinence under Rule 12(f). This will not suffice, absent additional justification specifically linking the paragraphs to the Rule 12(f) standard. For purposes of a Rule 12(f)

motion to strike, allegations are immaterial or impertinent if they do not have an important relationship to the claims pled or do not pertain to the issues involved. *Delaware Health Care, Inc. v. MCD Holding Co.*, 893 F.Supp. 1279, 1292 (D. Del. 1995). A motion to strike will generally be denied when allegations in the Complaint could lead to a "better understanding of plaintiff's claims or perform any useful purpose in promoting the just disposition of the litigation." *Id.* (citing 5A Wright & Miller at § 1382, at 695-96). This is precisely what paragraphs 9 through 11 of the Complaint accomplish – they provide background information on a specialized area of the law. As for Defendant's speculation that the paragraphs in question could prejudice its case because of the possibility of the complaint being read to the jury, it is premature and unnecessary to address this possibility at this stage of the litigation. Accordingly, Defendant's Rule 12(f) motion is denied in all respects.

C.   **Rule 12(e) Motion for a More Definite Statement**

Finally, Defendant asks this Court to grant its motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e).[2] To this end, Defendant raises seven paragraphs in Plaintiff's Complaint which it asserts do not provide fair notice of his claims or the grounds on which they are based. Memorandum 13-14. For a variety of reasons, the vast majority of these paragraphs do not meet the Rule 12(e) threshold of being "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). First, Defendant's objection to paragraph 14 (which refers to Defendant's predecessors) argues that Plaintiff "appears to impute liability for a time period before his employment with Defendant…" Memorandum at 13. This implies ambiguity where none exists. As already noted, Plaintiff's Complaint clearly states that his

---

[2] In its Memorandum, Defendant mistakenly refers to Rule 12(e) as Rule 12(f) in petitioning for a more definite statement. Memorandum at 13.

injuries were sustained while employed by Defendant. Complaint at 4. Second, the information sought by Defendant to clarify paragraphs 3 (time period of injury), 19 (damages), 21(L) (work place dangers), and 21(N) (locomotive condition and safety) is more properly obtained during the discovery phase. Through these paragraphs, Plaintiff has already met his burden of notifying Defendant as to the nature of the relevant claims. See *Conklin v. Warrington Township*, No. 1:06-CV-2245, 2008 WL 2704629, at *14 (M.D. Pa. 2008) (a Rule 12(e) Motion "need not be granted as to ambiguities in pleadings that can be resolved in discovery unless they prevent a defendant from responding to a complaint") (citing *Witt & Merrill Lyn, Pierce, Fenner & Smith, Inc.*, 602 F.Supp. 867, 869 (W.D. Pa. 1985)).

However, Defendant has two meritorious arguments regarding deficiencies in Plaintiff's Complaint. First, in paragraph 20, Plaintiff alleges that Defendant exposed him to "harmful working conditions" in violation of the FELA and other laws, including the Locomotive Inspection Act ("LIA"), 49 U.S.C. § 20701 *et seq*. Complaint at 4. Although Plaintiff's Complaint indicates that it is brought under the FELA, Complaint at 1, it is unclear from paragraph 20 if Plaintiff also relies on additional claims deriving from the LIA. Accordingly, he should further specify to what, if any, extent he is relying on the LIA for relief, as well as any factual basis for such claims. Second, in paragraph 21(O), Plaintiff asserts that Defendant "[w]as otherwise negligent through its officers, agents, and employees in ways not specifically alleged." Complaint at 5. This barebones, catch-all assertion of negligence provides no information as to what duties existed or how Defendant may have breached them. Absent such information, there is no way that Defendant can reasonably prepare a response. If Plaintiff plans to rely on other theories of negligence not specifically pled in the Complaint, he must state them. Plaintiff is therefore directed to amend his Complaint within fourteen (14) days of this Order.

## VI. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**; Defendant's Motion to Strike is **DENIED**; and Defendant's Motion for a More Definite Statement is **GRANTED IN PART** and **DENIED IN PART**. An Order follows this Memorandum.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. GORITY, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:10-cv-87 |
| | ) JUDGE KIM R. GIBSON |
| | ) |
| NORFOLK SOUTHERN RAILWAY | ) |
| COMPANY, | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

## ORDER

**AND NOW**, this 28th day of September 2011, upon consideration of Defendant's Rule 12 Motions and accompanying Memorandum of Law (Docs No. 6-7) and Plaintiff's Opposition and Response thereto (Doc No. 10), **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion to Dismiss is **GRANTED**, with leave to amend, as to paragraph 21(I) of the Complaint for claims arising from Defendant's failure to monitor the medical condition of its employees. Defendant's Motion to Dismiss is **DENIED** in all other respects.

2. Defendant's Motion to Strike is **DENIED** in all respects.

3. Defendant's Motion for a More Definite Statement is **GRANTED** as to paragraphs 20 and 21(O) of the Complaint. Defendant's Motion for a More Definite Statement is **DENIED** in all other respects.

4. Plaintiff shall file an Amended Complaint in accordance with the accompanying

Memorandum within fourteen (14) days of the date of this Order.

BY THE COURT:

*Kim R. Gibson*

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record